**Charles A. HICKMANN and Phyllis C. Hickmann, Plaintiffs-Appellants,**

**v.**

**Gregory WUJICK, as Assessor of the Town of Huntington, Defendant-Appellee.**

**No. 203, Docket 73-1666.**

United States Court of Appeals, Second Circuit.

Argued Dec. 4, 1973.

Decided Dec. 7, 1973.

Charles A. Hickmann, Huntington, N. Y., for plaintiffs-appellants.

Frank J. Mack, First Deputy Town Atty. (Frank J. Mack, Huntington, N. Y., and Herbert M. Levy, New York City, on the brief), for defendant-appellee.

Before WATERMAN and FEINBERG, Circuit Judges, and GURFEIN,* District Judge.

PER CURIAM:

Plaintiffs commenced this civil action in the United States District Court for

* Honorable Murray I. Gurfein, of the United States District Court for the Southern District of New York, sitting by designation.

the Eastern District of New York, pursuant to 28 U.S.C. § 1343, seeking a declaratory judgment, damages and injunctive relief to redress claimed deprivation, under color of New York State law, of rights secured by the United States Constitution, more particularly their prior right as parents to control the education of their children. The sole defendant named in plaintiffs' complaint is the Assessor of the Town of Huntington, Suffolk County, New York, where plaintiffs reside and pay real property taxes on the basis of an assessment roll prepared by defendant as required by State law.

Plaintiffs moved for a preliminary injunction enjoining defendant from "denying [them] a $200.00 tax credit against the school property taxes they will be required to pay for the 1971–72 tax year . . . ." They claim, in substance, that this tax relief is needed to enable them to pay the tuition charged by the non-public school their children attend.

Judge Neaher dismissed the complaint on the ground that the Federal District Court lacked jurisdiction to enjoin the assessment, levy or collection of taxes imposed under State law. We affirm.

28 U.S.C. § 1341 provides that: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such state."

We concluded in American Commuters Association v. Levitt, 405 F. 2d 1148, 1151 (2 Cir. 1969), that "when there are adequate state remedies available, Section 1341 means what it so plainly says and that federal jurisdiction is still precluded by it." Basing a complaint upon alleged violation of civil rights, 28 U.S.C. § 1343(3) and 42 U.S. C. § 1983 or of the Federal Constitution will not avoid the prohibition contained in Section 1341. *Levitt,* supra; see also Gray v. Morgan, 371 F.2d 172 (7 Cir.

1966), cert. denied, 386 U.S. 1033, 87 S. Ct. 1484, 18 L.Ed.2d 596 (1967). Plaintiffs' argument that they are not seeking to claim illegality or that the assessment was illegal is no more than a play on words. Nor is their argument that they have no plain, speedy and efficient remedy in the New York Courts more convincing.

As Judge Neaher observed, the Real Property Law, McKinney's Consol.Laws, c. 50–a, of the State of New York subjects all real property in the State to taxation by counties, cities, towns, villages or school districts for municipal or school district purposes. (N.Y. Real Property Tax Law § 300 (McKinney 1972)). The Suffolk County Tax Act, enacted by the State Legislature, permits the taxing of real property in Suffolk County in accordance with the needs of its several town governments, villages and separate school districts.

The remedies afforded for review of real property assessments are adequate. Plaintiffs may seek judicial review of their assessment under Section 700 of the Real Property Tax Law, and adverse determinations may be appealed, § 724. That the remedy is expeditious is shown by Section 700(3) which grants to such proceedings and appeals a preference over all other civil actions and proceedings in all courts. The Rules of Practice, Supreme Court, Suffolk County permit the taxpayer to move for judgment on the pleadings (N.Y. Real Property Tax Law § 720(1), (McKinney 1972); or to move for summary judgment pursuant to CPLR 3212.

Moreover, the taxpayer may bring a declaratory judgment action where the taxing statute is said to be unconstitutional. Richfield Oil Corp. v. City of Syracuse, 287 N.Y. 234, 239, 39 N.E.2d 219 (1942).

The complaint was properly dismissed for lack of subject matter jurisdiction.

Affirmed.