**ALNOA G. CORPORATION, Delaware Corporation, Plaintiff-Appellant,**

v.

**CITY OF HOUSTON, TEXAS, Defendant-Appellee.**

No. 77–2279

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 23, 1977.

Rehearing Denied Dec. 22, 1977.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

William V. Counts, Dallas, Tex., for plaintiff-appellant.

Robert J. Collins, Sr., Asst. City Atty., Charles M. Williams, Asst. City Atty., Otis H. King, City Atty., Houston, Tex., for defendant-appellee.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

PER CURIAM:

The judgment below is affirmed on the basis of the district court's memorandum and order of dismissal annexed.

AFFIRMED.

APPENDIX

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| ALNOA G. CORPORATION (A Delaware Corporation), Plaintiff, v. CITY OF HOUSTON, TEXAS, Defendant. | CIVIL ACTION NO. H–77–218 |

MEMORANDUM AND ORDER

I. STATEMENT OF FACTS

Plaintiff has filed suit in this Court asserting jurisdiction on the basis of diversity of citizenship, 28 U.S.C. § 1332, and the existence of a federal question, 28 U.S.C. § 1331. The defendant City in accordance

with its powers under Article 1105b, Tex. Rev.Civ.Stat.Ann., has levied street paving assessments against certain properties owned by plaintiff within the City of Houston. Plaintiff contends that the amount of the assessments exceeds the amount by which its properties will be enhanced by the street improvements, and that the assessments are arbitrary and capricious, depriving it of due process. Plaintiff also points to aspects of its hearing before the City Council which it says have deprived it of due process.

## II. DEFENDANT'S MOTION TO DISMISS

### A. 28 U.S.C. § 1341

Defendant has filed a motion to dismiss for lack of jurisdiction over the subject matter and for failure to state a claim upon which relief can be granted. A motion conference held before the united States Magistrate on May 9, 1977, has resulted in a recommendation by the Magistrate that the case be dismissed.

Defendant alleges that 28 U.S.C. § 1341 bars this Court from taking jurisdiction of plaintiff's cause. Title 28, United States Code, Section 1341 provides:

"The district courts shall not enjoin, suspend, or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

### B. Scope of the Term "Tax"

■ An initial question that presents itself here is whether the term "tax" as used in 28 U.S.C. § 1341 includes a special assessment for street paving. Despite plaintiff's vigorous arguments that such paving assessments are not covered by the statute, the law in this Circuit is firmly to the contrary.

The Fifth Circuit Court of Appeals held in *Tramel v. Schrader*, 505 F.2d 1310 (5th Cir. 1975) that special street improvement assessments constituted a "tax" within the purview of the tax injunction statute (28 U.S.C. § 1341), thus requiring dismissal of suit by landowners to enjoin collection of such assessments by city officials.

The *Tramel* opinion does assume, as plaintiff points out, that the Texas law does not provide for a pre-assessment hearing. This would seem to be incorrect, inasmuch as Article 1105b, Tex.Rev.Civ.Stat.Ann., does in Section 9 (Supp.1976) specifically provide that the amount of any assessments under article 1105b must be determined at a hearing held by and before the governing body of the city, however, any inaccuracy on this point does not affect the validity of the *Tramel* holding on the point presently under discussion, i. e., whether a special street improvement assessment constitutes a "tax" for purposes of section 1341. This Court holds in consonance with *Tramel, supra,* that the special street improvement assessments of which plaintiff complains are taxes within the purview of 28 U.S.C. § 1341.

### C. Application of Section 1341

Having determined that the assessment here contested falls within the scope of section 1341, the Court next examines the standard of applicability of section 1341.

The test for applying section 1341 was succinctly set forth in *United States Steel Corp. v. Multistate Tax Commission*, 367 F.Supp. 107, 115 (S.D.N.Y.1973). The court there said:

"In determining whether to exercise jurisdiction in a particular case, the Court must carefully weigh two countervailing considerations set forth by the statute: (1) a long standing policy of non-interference by federal courts in state tax matters; and (2) fairness to plaintiffs, i. e., whether plaintiffs have an effective state remedy."

### 1. Federal Policy of Non-Interference

■ The first factor to be considered is the federal policy of non-intervention with respect to state tax matters. The reluctance of the federal courts to inject themselves into state or local tax affairs is an

oft-repeated theme in the case law of this Circuit. *See, e. g., Houston v. Standard-Triumph Motor Co.,* 347 F.2d 194 (5th Cir. 1965); *City of Orange v. Levingston Shipbuilding Co.,* 258 F.2d 240 (5th Cir. 1958); *Flato Realty Investments v. City of Big Spring,* 388 F.Supp. 131 (N.D.Tex.1975).

■ This Court shares that reluctance. For this Court to inject itself into the arena of city tax assessments would be both unseemly and, in view of the existence of state procedures for challenging such assessments, unnecessary. Thus, in the absence of any other compelling factor, the Court prefers to adhere to the federal policy of non-interference in this "very sensitive local area". *Jones v. Township of North Berger,* 331 F.Supp. 1281 (D.N.J. 1971).

### 2. Existence of an Effective State Remedy

The second factor to be considered in determining whether to apply section 1341 is that of fairness to plaintiff, i. e., whether plaintiff has a "plain, speedy and efficient remedy may be had in the courts" of Texas.

The Supreme Court of Texas has held in *City of Houston v. Blackbird,* 394 S.W.2d 159 (1965) that a party contesting an assessment made by a city under its article 1105b powers is not entitled to a trial de novo on the issue of the value of benefits accruing from the improvements. Rather, the Texas Court will set aside the acts of the city council on the ground that such acts were arbitrary or were the result of fraud. *Id.* at 163.

Plaintiff contends that because such a procedure does not determine the ultimate and proper amount of the assessment, but merely nullifies the original assessment and returns the taxpayer to the mercies of the city council, there exists no adequate state remedy. With this the Court cannot agree.

■ The state remedy need not be the best of all possible remedies. *Bland v. McHann,* 463 F.2d 21, 29 (5th Cir. 1972), *cert. denied,* 410 U.S. 966, 93 S.Ct. 1438, 35 L.Ed.2d 700 (1973). The state remedy need

only be adequate, *Spector Motor Service, Inc. v. O'Connor,* 340 U.S. 602, 605, 71 S.Ct. 508, 510, 95 L.Ed. 573, 577 (1951), and not unduly burdensome, *United States Steel Corp. v. Multistate Tax Commission,* 367 F.Supp. 107 (S.D.N.Y.1973); *see also Georgia R.R. & Banking Co. v. Redwine,* 342 U.S. 299, 72 S.Ct. 321, 96 L.Ed. 335 (1952).

Plaintiff alleges in essence that the fact that the city council may issue an order of re-assessment against it renders the state remedy inadequate and will condemn the plaintiff to an unending and burdensome series of appeals of council orders. For this Court to so find would require the Court to assume that the city council would, even after having been rebuked by a state court for acting arbitrarily, ignore such admonishment and again proceed in an arbitrary fashion. This Court declines to give effect to such a presumption, but instead chooses to presume that the city council will act in accordance with tenets of good faith, due process and fairness toward all who come before it.

■ At present, plaintiff merely raises the spectre of a series of arbitrary decisions by the council. This is not sufficient to hold the state-provided remedy inadequate. However, were such potential opportunities for abuse to become a reality, the adequacy of the state remedy might then be seriously questioned. No such case being before this Court at present, however, the Court will rely upon the unbroken series of cases in which the Fifth Circuit Court of Appeals has recognized in applying 28 U.S.C. § 1341 that the taxpayer has a plain, speedy and efficient remedy in the state courts of Texas. *Tramel v. Schrader,* 505 F.2d 1310 (5th Cir. 1975); *City of Houston v. Standard-Triumph Motor Co.,* 347 F.2d 194 (5th Cir. 1965); *City of Orange, Texas v. Levingston Shipbuilding Co.,* 258 F.2d 240 (5th Cir. 1958); *Norton v. Cass County,* 115 F.2d 884 (5th Cir. 1940).

### III. CONCLUSION

For the foregoing reasons, the Court finds that the statutory bar set forth in 28

U.S.C. § 1341 is properly applicable in the instant case and that defendant's motion to dismiss should be granted. Accordingly, it is ordered adjudged and decreed that plaintiff's cause be, and it hereby is, dismissed for want of jurisdiction over the subject matter and for failure to state a claim upon which relief may be granted.

### FINAL JUDGMENT

From a consideration of the pleadings submitted in this cause, it is the opinion of this Court that this action should be and is hereby dismissed.

This is a FINAL JUDGMENT.

DONE at Houston, Texas, this 25th day of May, 1977.

<div style="text-align:center">

s/ Carl O. Bue, Jr.
United States District
Judge