GROUP ASSISTING SEWER PROPOS-
AL–ANSONIA, John and Irma
Callaghan, Plaintiffs,

v.

CITY OF ANSONIA, Sewer Authority,
City of Ansonia, and Board of Alder-
men, City of Ansonia, Defendants.

Civ. No. B77–418.

United States District Court,
D. Connecticut.

Feb. 3, 1978.

George R. Temple, Seymour, Conn., for plaintiff.

John F. X. Androski, Corp. Counsel, Ansonia, Conn., for defendants.

## MEMORANDUM OF DECISION

DALY, District Judge.

Plaintiffs in this declaratory judgment action seek to enjoin the City of Ansonia from levying a proposed sewer assessment against city homeowners. Defendants have moved to dismiss for lack of jurisdiction. Because plaintiffs can appeal any sewer assessment to the state courts[1] and air their objections in that forum, this Court holds that "a plain, speedy and efficient remedy" exists in the Connecticut courts and therefore this Court is barred from taking jurisdiction of plaintiff's cause by 28 U.S.C. § 1341.

### I. STATEMENT OF FACTS

The Ansonia Sewer Authority has proposed for the Hilltop area of the city a sewer assessment plan by which each homeowner must pay $2000 plus an additional sum per unit frontage assessed. The Sewer Authority's final vote on the proposal has been postponed first by a temporary restraining order and then by agreement of the parties until rulings are given on preliminary motions. Plaintiffs, two homeowners and a citizens group of residents, brought this action for a declaratory judgment voiding the assessment procedure and formula used by the Sewer Authority. Plaintiffs base their objections on Fourth and Fourteenth Amendment grounds: the

---

1. Conn.Gen.Stat.Rev. § 7–250 (1977).

plan allegedly is discriminatory and confiscatory because individual assessments are not based on the benefits to be derived and certain property is exempt or deferred from assessment.[2]

## II. DEFENDANTS' MOTION TO DISMISS

Defendants have filed a motion to dismiss on grounds that the court lacks jurisdiction and that an adequate state remedy exists. Title 28, United States Code § 1341 provides: "The district courts shall not enjoin, suspend, or restrain the assessment, levy, or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

■ The threshold question raised is whether a municipality's sewer assessment is a "tax under State law." The Connecticut Legislature undoubtedly intended such assessments to be a "tax" in the general sense; enforcement provisions of the statute refer to the tax collector and property tax liens.[3] The Connecticut Supreme Court has characterized assessments as "an exercise of the taxing power of the State" and "in a general sense a tax [although] one of a peculiar nature . . . a *local* assessment," even though such assessments are never spoken of in city charters, general law, or popular usage as a tax. *Vaill v. Sewer Commission,* 168 Conn. 514, 517, 362 A.2d 885, 887 (1975); *Whitmore v. Hartford,* 96 Conn. 511, 523, 114 A. 686, 691 (1921). The Court of Appeals for the Fifth Circuit has applied the tax injunction statute, 28 U.S.C. § 1341, to an action challenging a proposed city sewer assessment. *Car-*

*son v. City of Fort Lauderdale,* 293 F.2d 337 (5th Cir. 1961). Similar local assessments such as special street improvement assessments also have been held to constitute a "tax" within the purview of § 1341. *Alnoa G. Corp. v. City of Houston,* 563 F.2d 769 (5th Cir. 1977); *Tramel v. Schrader,* 505 F.2d 1310 (5th Cir. 1975).

The provisions now included in 28 U.S.C. § 1341 were "predicated on the desirability of freeing, from interference by federal courts, state procedures which authorize litigation challenging a tax only after the tax has been paid." *Great Lakes Dredge & Dock Co. v. Huffman,* 319 U.S. 293, 301, 63 S.Ct. 1070, 1074, 87 L.Ed. 1407 (1943). In applying § 1341, it has been suggested that two countervailing considerations be weighed: (1) a long standing policy[4] of non-interference by federal courts in state court matters; and (2) fairness to the plaintiffs, i. e., whether plaintiffs have an effective state remedy. *United States Steel Corp. v. Multistate Tax Commission,* 367 F.Supp. 107, 115 (S.D.N.Y.1973), *prob. juris. noted,* 429 U.S. 1088, 97 S.Ct. 1096, 51 L.Ed.2d 533 (1977). City tax assessments have been characterized as a "very sensitive local area," *Jones v. Townships of North Bergen,* 331 F.Supp. 1281, 1286 (D.N.J. 1971), and absent any other compelling factor, federal interference is both unseemly and unnecessary in view of existing state review procedures. *Alnoa G. Corp. v. City of Houston, supra,* at 772.

■ In light of these considerations, the crucial issue is whether plaintiffs have in Conn.Gen.Stat. § 7–250[5] a "plain, speedy

---

2. Conn.Gen.Stat.Rev. § 7–249 (1977) enables sewer authorities to levy benefit assessments, but "no assessment shall be made against any property in excess of the special benefit to accrue such property. . . ."

3. Conn.Gen.Stat.Rev. §§ 7–253, 254 (1977).

4. *Lynch v. Household Finance Corp.,* 405 U.S. 538, 542 n.6, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1971).

5. "When the sewer authority has determined the amount of the assessment to be levied, it shall file a copy thereof in the office of the clerk of the municipality and, not later than

five days after such filing, shall cause the same to be published in a newspaper having a circulation in the municipality. Such publication shall state the date on which the assessment was filed and that any appeals from such assessment must be taken within twenty-one days after such filing. Any person aggrieved . . . may appeal to the court of common pleas for the county or judicial district . . . such appeal shall be privileged in respect to its assignment for trial. . . . The judgment of said court, either in confirming or altering such assessment, shall be final. No such appeal shall stay proceedings for the collection of the particular assessment . . . but the appel-

and efficient remedy in the courts" of Connecticut. For the state remedy to be adequate, it need not be "the best remedy available or even equal to or better than the remedy which might be available in the federal courts." *Mandel v. Hutchinson*, 494 F.2d 364, 367 (9th Cir. 1974); *Bland v. McHann*, 463 F.2d 21, 29 (5th Cir. 1972), *cert. denied*, 410 U.S. 966, 93 S.Ct. 1438, 35 L.Ed.2d 700 (1973). The remedy must be "certain" or known, and not unduly burdensome. *Spector Motor Co. v. McLaughlin*, 323 U.S. 101, 106, 65 S.Ct. 152, 89 L.Ed. 101 (1944); *Georgia R. R. & Banking Co. v. Redwine*, 342 U.S. 299, 72 S.Ct. 321, 96 L.Ed. 335 (1952); *cf. George F. Alger Co. v. Peck*, 74 S.Ct. 605, 607, 98 L.Ed. 1148, 1150 (1954) (Reed, J., chambers opinion).

▮ The Connecticut statute states that an appeal may be taken to the court of common pleas within twenty-one days after the assessment is filed, that the appeal is privileged in respect to its assignment for trial, and that although collection of the assessment will not be stayed, overpayments will be reimbursed to the appellant. Plaintiffs have objected to (a) the time limitation on making an appeal, (b) the lack of provisions for an injunction, interest to be paid on overassessments, and group appeals to be taken, and (c) the expense and inconvenience of the present procedure. None of these objections make § 7–250 an inadequate state remedy.

The fact that there is a time limitation on making an appeal does not mean the state has failed to provide a plain, speedy and efficient remedy. *Henry v. Metropolitan Dade County*, 329 F.2d 780 (5th Cir. 1964); *Bussie v. Long*, 254 F.Supp. 797 (E.D.La. 1966), *aff'd*, 383 F.2d 766 (5th Cir. 1967); *Lasker Boiler and Engineering Corp. v. Hamm*, 216 F.Supp. 74 (M.D.Ala.1963), *aff'd*, 328 F.2d 429 (5th Cir. 1964). The lack of injunctive relief also is not dispositive where state law permits an avenue of appeal for a taxpayer to recover a tax paid under protest. *See Corbett v. Printers & Publishers Corp.*, 127 F.2d 195 (9th Cir. 1942); *West Publishing Co. v. McColgan*, 138 F.2d 320 (9th Cir. 1943). There is some authority for considering the availability of interest on overpayment in determining the remedy's adequacy. *See United States v. Livingston*, 179 F.Supp. 9, 15 (E.D.S.C. 1959), *aff'd*, 364 U.S. 281, 80 S.Ct. 1611, 4 L.Ed.2d 1719 (1960); *Hopkins v. Southern California Tel. Co.*, 275 U.S. 393, 48 S.Ct. 180, 72 L.Ed. 329 (1928). However, it may be possible for a Connecticut court to award interest in interpreting the statutory provision for overpayment.[6] No recent federal court decisions have turned on the lack of provisions for interest and, in any case, the interest which might accrue may be so small as to be inconsequential and thus insufficient to render the state remedy less plain, speedy and efficient. *Abernathy v. Carpenter*, 208 F.Supp. 793, 796–97 (W.D. Mo.1962), *aff'd mem.*, 373 U.S. 241, 83 S.Ct. 1295, 10 L.Ed.2d 409 (1963). Plaintiffs' argument regarding group appeals is not persuasive. Plaintiffs could bring a declaratory judgment action in state courts to determine the residents' collective rights. Conn. Gen.Stat.Rev. § 52–29 (1977). Even if plaintiffs waited until after the assessment was filed and appealed, one suit should be sufficient to determine the constitutionality of the instant assessment procedure and formula. *See Miller v. Bauer*, 517 F.2d 27, 32 (7th Cir. 1975). Finally, the fact that state procedures may cause inconvenience and expense, and that appellants may eventually prevail are not controlling. *George F. Alger Co. v. Peck, supra*, 74 S.Ct. at 606–07, 98 L.Ed. at 1150.

The Court of Appeals for the Second Circuit has upheld the dismissal of an action similar to the one presented here. In *Hickmann v. Wujick*, 488 F.2d 875 (2d Cir. 1973), plaintiffs sought a declaratory judgment,

___

lant shall be reimbursed for any over-payments made, if as a result of such appeal, his assessment is reduced."

**6.** *See Vaill v. Sewer Commission*, 168 Conn. 514, 517, 362 A.2d 885, 888 (1975): Section

7–250 "affords such person the opportunity to seek complete judicial relief," and the court on appeal will be exercising "its inherent broad equitable powers."

damages, and injunctive relief against officials who denied plaintiffs a tax credit against school property taxes. The Second Circuit affirmed the district court's finding that an adequate state remedy existed. The state remedy in *Hickmann* is parallel to those available under Connecticut's statutes: an appeal from adverse determinations, judicial review expedited by a priority in assignment for trial, and a possible declaratory judgment action.

## III. CONCLUSION

The state court remedy given to plaintiffs by Conn.Gen.Stat.Rev. § 7–250 is "plain, speedy and efficient," and this Court is barred from taking jurisdiction under 28 U.S.C. § 1341. Accordingly, the motion to dismiss is GRANTED.