Richard J. OSTERNDORF and Pauline F. Osterndorf, Individually, and on behalf of all others similarly situated, Plaintiffs,

v.

John TURNER, as Property Appraiser of Volusia County, Florida, and George Firestone, as Secretary of State of the State of Florida, Defendants.

No. 80–529–Orl–Civ–R.

United States District Court,
M. D. Florida,
Orlando Division.

Jan. 19, 1981.

Richard J. Osterndorf, Daytona Beach, Fla., for plaintiffs.

Jim Smith, Atty. Gen., E. Wilson Crump, II, Barbara Staros Harmon, Asst. Attys. Gen., Tallahassee, Fla., for defendants.

## MEMORANDUM OF DECISION

REED, District Judge.

By Section 10 of Ch. 80–274, Fla. Stat.1980, the Florida legislature increased the homestead exemption from ad valorem taxes on homestead property of persons who have resided in Florida for five consecutive years. The plaintiffs contend that the limitation of the increased exemption to persons who have resided in Florida five years or more is a violation of various provisions of the United States Constitution. The relief they seek is a declaratory decree and an injunction which would prevent the defendant tax appraiser from denying the increased exemption to residents of less than five years' duration. The net result of such an injunction would of course be to prohibit the County from assessing ad valorem taxes on a portion of the value of the homesteads of such residents.

Title 28, U.S.C. § 1341 provides:

"The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

This statute eliminates from the subject matter jurisdiction of the federal district court actions to enjoin the assessment of taxes under state law where the state has provided a ". . . plain, speedy and efficient remedy . . ." in its courts. *United Gas Pipe Line Co. v. Whitman*, 595 F.2d 323 (C.A.5, 1979); *Alnoa G. Corp. v. City of Houston, Texas*, 563 F.2d 769 (C.A.5, 1977), *cert. denied*, 435 U.S. 970, 98 S.Ct. 1610, 56 L.Ed.2d 62 (1978). The law of Florida provides such a remedy in Ch. 86 and Ch. 194, Fla.Stat. 1979. See also *Dept. of Rev. v. AMREP Corp.*, 358 So.2d 1343 (Fla.1978).

For the foregoing reasons, the motion to dismiss filed by the defendants will be granted without prejudice but without leave to amend.