**Rona V. FINIZIE, Plaintiff,**

v.

**CITY OF BRIDGEPORT, Defendant.**

**No. 3:95CV00308 (RNC).**

United States District Court,
D. Connecticut.

March 29, 1995.

---

Rona V. Finizie, pro se, Bridgeport, CT.

Richard S. Scalo, Ronald D. Japha, Gordon & Scalo, Bridgeport, CT, for defendants except Ira B. Charmoy.

James M. Nugent, Charmoy & Nugent, Bridgeport, CT, for defendant Ira B. Charmoy.

CHATIGNY, District Judge.

Upon review and pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 2 of the Local Rules for United States Magistrates (D.Conn.1995), this recommended ruling is APPROVED and ADOPTED as the ruling of this court over Plaintiff's objection.

It is so ordered.

## RECOMMENDED RULING ON MOTION FOR TEMPORARY INJUNCTION

MARTINEZ, United States Magistrate Judge.

■ Rona Finizie, a *pro se* plaintiff, brings this action under 42 U.S.C. § 1983 claiming that the City of Bridgeport ("the City") and others violated her rights under the Connecticut constitution, the Fifth Amendment and the Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution in connection with the City's efforts to collect property taxes from her over a seventeen year period of time. Compl. at 3A.

The City obtained a judgment of foreclosure against the plaintiff's two contiguous parcels of property in March of 1987. After eight years of litigation and numerous postponements of the foreclosure, a law day, that is, the last day by which the plaintiff may redeem her property, was set by the superior court for Tuesday, March 7, 1995. The plaintiff now moves this court for a preliminary injunction to bar the city and other defendants from honoring or enforcing the law day.

The plaintiff filed this action on February 17, 1995. On February 23, 1995, she moved under Fed.R.Civ.P. 65(a) for the preliminary injunction. The motion was referred to the undersigned on February 28, 1995. At a March 2, 1995 status conference the issue was raised as to whether this court has subject matter jurisdiction to enjoin the law day in light of the Tax Injunction Act, 28 U.S.C. § 1341, which prohibits a federal court from enjoining, suspending or restraining the "assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. *See also California v. Grace Brethren Church,* 457 U.S. 393, 408, 102 S.Ct. 2498, 2507, 73 L.Ed.2d 93 (1982) (act prohibits district courts from issuing declaratory relief as well as injunctive relief).

Accordingly, before proceeding on the plaintiff's motion for preliminary injunction, the court must determine whether it has the authority to grant the requested relief. Because there is no question that the state foreclosure action constitutes the collection of a state tax, *Wells v. Malloy,* 510 F.2d 74 (2d Cir.1975); *cf. Group Assisting Sewer Proposal–Ansonia v. City of Ansonia,* 448 F.Supp. 45, 46 (D.Conn.1978); *see also Fried v. Carey,* 620 F.2d 591 (7th Cir.1978), the issue for the court to decide is whether there is a "plain, speedy and efficient remedy" available in state court for the plaintiff's federal constitutional claims.

### I. Procedural History Of The Foreclosure[1]

In 1984 the City instituted foreclosure actions in the Superior Court against the plaintiff for unpaid taxes on her property in Bridgeport. The plaintiff was represented by counsel in these actions. Initially the

---

1. The parties do not agree on some aspects of the procedural history, as may be noted later in this opinion. However, as is also noted, a decision on these controverted facts is not necessary to the court's conclusion. The procedural background of the foreclosure is set forth merely to place the present case in its historical context.

plaintiff contested the foreclosures. Later, however, a stipulated judgment of foreclosure was entered on the record in open court on March 25, 1987.[2] To give the plaintiff time to arrange either a private sale or financing to satisfy the judgment, the foreclosure sale was put off for one year, until March 26, 1988.

Shortly before the sale day the plaintiff, still represented by counsel, moved to open the judgments to extend the date of the sale. The motion was granted and a new sale date was set for May 21, 1988. The sale, however, was stayed when the plaintiff filed a Chapter 13 petition in bankruptcy court on May 20, 1988. A Chapter 13 plan was confirmed on December 28, 1988.[3] The plan provided for a private sale of the plaintiff's property and payment of the foreclosure judgment by December 31, 1989. The plaintiff did not sell the property or satisfy the foreclosure judgment. The bankruptcy action was subsequently dismissed on the City's motion on September 2, 1992.

The City then returned to superior court to reopen the foreclosure judgments and to set a new sale date. The plaintiff objected to the motion to reopen and filed a motion to amend her answer to the foreclosure complaint to add special defenses alleging that the City's actions deprived her of equal protection under the United States and Connecticut Constitutions. A hearing on the plaintiff's motion was held on January 4, 1993. The plaintiff was present and represented by counsel.[4] Her motion to amend was denied on March 31, 1993. Thereafter, the court granted the City's April 30, 1993 motion for judgment and ordered the property to be sold on June 19, 1993.

Two days before the sale date the plaintiff filed another petition in bankruptcy. The filing of the petition resulted in another automatic stay of the foreclosure. Because the debt owed to the City by the plaintiff exceeded the value of her property, the bankruptcy court granted the City's motion for relief from the automatic stay on July 20, 1993 to allow it to proceed with the foreclosure. The plaintiff then voluntarily dismissed her bankruptcy petition, but on August 2, 1993 she moved to vacate the voluntary dismissal and to reargue the City's motion for relief from stay. The matter was scheduled for hearing on October 6, 1993.

In the meantime, the superior court granted the City's motion for judgment of strict foreclosure and set a law day of September 14, 1993. The plaintiff moved to open this judgment to allow her time to pursue her motions in bankruptcy court. Her motion was denied on September 9, 1993. The plaintiff appealed this denial to the Connecticut Appellate Court on September 13, 1993. A stay of the foreclosure was entered by the superior court pending the appeal. On October 6, 1993 the bankruptcy court denied the plaintiff's motion to reopen the voluntary dismissal and to reargue.

On November 18, 1993, on motion of the City, the superior court terminated the stay pending appeal and entered a new judgment of strict foreclosure. The plaintiff sought the superior court's review of its decision to terminate the stay pending appeal. The relief she sought was denied on December 22, 1993.

On January 5, 1994 the appellate court dismissed the appeal as moot. The plaintiff then petitioned the Connecticut Supreme Court for certification. The petition was denied on February 24, 1994 but the court

---

2. One of the plaintiff's contentions in this action concerns the validity of the stipulated judgment. The plaintiff maintains that she did not consent to the stipulated judgment and was not aware until October, 1987 that a judgment of foreclosure had entered. Aff. of Rona Finizie, Ex. A., Pl's Br. on Jurisdiction. In addition, the plaintiff claims that the transcript of the proceedings during which the stipulation was put on the record is false. Comp'l at 3F–3G. However, as stated in footnote 1 above, it is unnecessary to reach these factual questions to decide the issue presently before the court.

3. The plaintiff also claims that the Chapter 13 plan was filed without her consent. As previously noted, this factual issue need not be addressed by the court in this proceeding.

4. In the present case, the plaintiff contends that she was denied the opportunity to testify at this hearing. Once again, it is unnecessary to decide this question of fact before reaching the issue presently before the court.

granted the plaintiff a further stay pending certiorari to the United States Supreme Court. The plaintiff's petition for writ of certiorari was denied on December 5, 1994. Because the stay pending certiorari had been terminated on July 28, 1994 and had not been extended despite the plaintiff's request of September 23, 1994, the superior court again entered a judgment of strict foreclosure. The law day was set for March 7, 1995.

## II. The Tax Injunction Act And Comity

█ The Tax Injunction Act, 28 U.S.C. § 1341, was designed to limit drastically the power of federal courts to interfere with the important local concern of collecting taxes. *Rosewell v. LaSalle Nat'l Bank,* 450 U.S. 503, 522, 101 S.Ct. 1221, 1233–34, 67 L.Ed.2d 464 (citing 81 Cong.Rec. 1415 (1937)) (remarks of Sen. Bone), *reh'g denied,* 451 U.S. 1011, 101 S.Ct. 2349, 68 L.Ed.2d 864 (1981). The act expressly prevents federal courts from giving injunctive relief as long as there is a plain, speedy and efficient remedy in state court.

█ The Supreme Court has ruled that the "plain, speedy and efficient remedy" exception to the act was designed only to require that the state remedy satisfy certain minimal *procedural* criteria. *Id.,* at 512, 101 S.Ct. at 1228–29 (emphasis in original). Thus, the state remedy is measured according to procedural rather than substantive criteria, *id.,* and the criteria are to be construed narrowly. *California v. Grace Brethren Church,* 457 U.S. 393, 102 S.Ct. 2498, 73 L.Ed.2d 93 (1982). The state need only provide an opportunity for a full hearing and judicial determination in which the taxpayer may raise constitutional claims. *Long Island Lighting Co. v. Town of Brookhaven,* 889 F.2d 428, 433 (2d Cir.1989). The opportunity need not be the best or most convenient one, *Behe v. Chester County Bd. of Assessment Appeals,* 952 F.2d 66, 68 (3d Cir.1991), and the taxpayer's failure to take advantage of the available state procedures does not mean

that the state remedy is insufficient. *Burris v. City of Little Rock,* 941 F.2d 717, 721 n. 4 (8th Cir.1991). "The relevant question is whether the remedy was available originally." *Id.*

In addition to the prohibitions of the Tax Injunction Act, the Supreme Court has held that principles of comity prohibit federal courts from hearing § 1983 damages actions which challenge the constitutionality of state tax collection. *Fair Assessment in Real Estate Ass'n v. McNary,* 454 U.S. 100, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981). The Court observed that federal court actions for damages under § 1983, which do not require exhaustion of state remedies, are as disruptive of a state tax system as an action to enjoin the collection of taxes. Allowing federal courts to entertain § 1983 claims challenging state taxes, the Court said, would intrude on the state's administration of its fiscal operations to such a degree that it would, in every practical sense, operate to suspend collection of state taxes, *id.,* at 115, 102 S.Ct. at 185–86 (quoting *Great Lakes,* 319 U.S. at 299, 63 S.Ct. at 1073–74), and would be contrary to the "scrupulous regard for the rightful independence of state governments which should at all times actuate the federal courts." *Id.* at 116, 102 S.Ct. at 186 (quoting *Matthews v. Rodgers,* 284 U.S. 521, 525, 52 S.Ct. 217, 219, 76 L.Ed. 447 (1932)).

█ The combined effect of the Tax Injunction Act and the principles of comity[5] require taxpayers to seek protection of their federal rights in state courts so long as the state remedies are plain, adequate and complete. *See Long Island Lighting Co. v. Brookhaven,* 889 F.2d at 433. There is no significant difference between the "plain, speedy and efficient" standard of the Tax Injunction Act and the "plain, adequate and complete" standard governing comity. *Id.* (quoting *Fair Assessment,* 454 U.S. at 116 n. 8, 102 S.Ct. at 186 n. 8). "Both phrases refer to the obvious precept that plaintiffs seeking protection of federal rights in federal courts should be remitted to their state remedies if

---

**5.** The Anti–Injunction Act, 28 U.S.C. § 2283 also bars a federal court from enjoining a state court proceeding unless expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

*Id.; see also Attick v. Valeria Assocs., L.P.,* 835 F.Supp. 103, 114 (S.D.N.Y.1992) (federal court is barred from enjoining state foreclosure proceedings under Anti–Injunction Act).

their federal rights will not thereby be lost." *Id.*

■■■ The Supreme Court has held that a state procedure is adequate if it requires taxpayers to pay the tax and seek a refund through state administrative and judicial procedures in which the constitutional claims can be raised. *Rosewell,* 450 U.S. at 512, 101 S.Ct. at 1228–29. A state remedy is not ineffective even if it requires a multiplicity of suits. *Id.* (citing *Georgia R.R. & Banking Co. v. Redwine,* 342 U.S. 299, 303, 72 S.Ct. 321, 323–24, 96 L.Ed. 335 (1952)). A state remedy that imposes no unusual hardship on a taxpayer, such as one that requires unnecessary expenditures of time or energy, is also efficient. *Id.,* at 518, 101 S.Ct. at 1231–32. A state remedy is not inadequate because it requires exhaustion of administrative remedies. *Grace Brethren Church,* 457 U.S. at 416 n. 35, 102 S.Ct. at 2512 n. 35. However, if a state court remedy is uncertain or speculative, it is not plain or efficient. *Barringer v. Griffes,* 964 F.2d 1278 (2d Cir.1992), *cert. denied,* —— U.S. ——, 114 S.Ct. 879, 127 L.Ed.2d 75 (1994) (uncertainty as to whether tax commissioner had power to decide constitutionality of state tax as well as uncertainty of judicial review of administrative determination rendered state remedy inadequate). The state remedy need not be the best remedy available or even equal the remedy which might be available in federal court. *Colonial Pipeline Co. v. Collins,* 921 F.2d 1237, 1245 (11th Cir.1991). The availability of a § 1983 action in state court is one factor to be considered in determining whether a state provides an adequate remedy. *Fair Assessment,* 454 U.S. at 116–17, 102 S.Ct. at 186–87; *Long Island Lighting,* 889 F.2d at 432. So long as the taxpayer has some opportunity to raise constitutional objections, the procedural criteria are satisfied. *Colonial Pipeline,* 921 F.2d at 1245.

### III. The State Procedures Provide a Plain, Speedy and Efficient Remedy

■■■ Connecticut provides several remedies which afford a taxpayer an opportunity to raise constitutional objections to a real property tax. Because the court finds these procedures provide a plain, speedy and effi-

cient remedy, there is no jurisdiction over the plaintiff's motion for a preliminary injunction.

There are three Connecticut statutes which provide a taxpayer with administrative and judicial review of tax assessments: Conn.Gen.Stat. § 12–118, Conn.Gen.Stat. § 12–119, and Conn.Gen.Stat. § 12–129. A brief description of those avenues follows.

First, under the Connecticut statutory scheme governing assessments of property, a taxpayer who claims to be aggrieved by the doings of the assessor of any city or town is entitled to a hearing before the board of tax review. Conn.Gen.Stat. § 12–112. A taxpayer who claims to be aggrieved by the board's findings is entitled to a *de novo* review of the decision by the superior court under Conn.Gen.Stat. § 12–118. *Hutensky v. Town of Avon,* 163 Conn. 433, 436, 311 A.2d 92 (1972). The proceeding is privileged with respect to its assignment for trial. Conn.Gen.Stat. § 12–118. Once an appeal is taken under this statute the municipality may only collect seventy-five percent of the tax assessed. If the assessment is reduced by the court, the taxpayer is entitled to reimbursement for any overpayment, together with interest and costs.

Second, under Conn.Gen.Stat. § 12–119, a taxpayer who claims that an assessment is manifestly excessive or that property was wrongfully assessed may take a direct appeal to the superior court. This statute is directed to providing relief against the collection of an illegal tax, not to bringing about a change in the assessment. *Fenwick Borough v. Town of Old Saybrook,* 133 Conn. 22, 47 A.2d 849 (1946). A claim under this statute may not be brought as a counterclaim in a municipality's suit to collect taxes under Conn.Gen. Stat. § 12–161, but must be brought as an independent action within the time limit provided in the statute. *City of Hartford v. Faith Center, Inc.,* 196 Conn. 487, 493 A.2d 883 (1985). The taxpayer may raise any constitutional defenses to the tax in the direct appeal provided by this statute. *Id.*

Finally, under Conn.Gen.Stat. § 12–129 a taxpayer may pay a tax under protest and

raise constitutional challenges in an action to obtain a refund.

■ The taxpayer's constitutional objections to the tax may be raised before the board of tax review and in an appeal to the superior court. *See Faith Center, Inc.,* 196 Conn. at 487, 493 A.2d 883; *cf. Pechiney Corp. v. Crystal,* 43 Conn.Supp. 91, 643 A.2d 319 (Conn.Super.Ct.1994); *Neiman Marcus Group v. Meehan,* No. 387601, 1991 WL 194298, 1991 Conn.Super. LEXIS 2135 (September 19, 1991). A taxpayer who bypasses the statutory remedies is barred from raising constitutional claims or a § 1983 claim as a special defense or counterclaim in a city's action to collect the tax, *Faith Center, Inc.,* 196 Conn. at 487, 493 A.2d 883; *City of Stamford v. Three Dees Corp.,* No. 930128951s, 1993 WL 541648, 1993 Conn.Super. LEXIS 3312 (December 14, 1993), or in an independent action under § 1983. *Zizka v. Water Pollution Control Authority,* 195 Conn. 682, 490 A.2d 509 (1985).[6]

Even if the plaintiff is correct in claiming her case is filled with exceptional and extraordinary circumstances, the statutory remedies under Connecticut law provide plain, speedy and efficient procedures by which she could have challenged her taxes. *See Hickmann v. Wujick,* 488 F.2d 875 (2d Cir.1973); *Group Assisting Sewer Proposal–Ansonia v. City of Ansonia,* 448 F.Supp. 45 (D.Conn.1978). The plaintiff was afforded by statute an opportunity for an administrative review of her taxes, a full hearing and a judicial determination in the superior court where she could have raised her constitutional claims. This is a sufficient remedy. *See Rosewell,* 450 U.S. at 512, 101 S.Ct. at 1228–29.

If the plaintiff had followed the procedure set forth in Conn.Gen.Stat. § 12–118, she only would have had to pay seventy-five percent of her taxes pending appeal and, if she were successful, would have received a re-

fund of the taxes paid as well as interest and costs. By taking advantage of this statutory procedure she could have stopped the accrual of interest on all but twenty-five percent of her tax bill.

The plaintiff also was allowed by Conn. Gen.Stat. § 12–129 to pay her taxes under protest, which would have stopped the accrual of statutory interest, and to collect a refund if she prevailed. *See Great Lakes Dredge & Dock Co. v. Huffman,* 319 U.S. 293, 300–01, 63 S.Ct. 1070, 1074, 87 L.Ed. 1407 (1943).

If the plaintiff had pursued the appropriate statutory remedies, she could have raised her constitutional challenges and her § 1983 claims. The fact that the plaintiff did not take advantage of any of these remedies— even though it may be too late now for her to do so—does not mean that a "plain, speedy and efficient" remedy was unavailable in the state court. Because the plaintiff had the opportunity to raise her constitutional claims in state court, this federal court is barred from enjoining the City from collecting the taxes owed on the plaintiff's property.

*IV. Conclusion*

For the foregoing reasons, the plaintiff's Application for Temporary Injunction (Doc. # 3) should be DENIED.

The parties may seek the district judge's review of this recommendation. *See* 28 U.S.C. § 636(b) (written objections to ruling must be filed within ten days after service of same); F.R.Civ.P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; *Small v. Secretary of Health & Human Serv.,* 892 F.2d 15, 16 (2d Cir.1989) (failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).

---

6. In *Zizka,* the court held that where the remedies afforded by Connecticut statutes provide a plain, speedy and efficient remedy, a taxpayer may not bring an independent action under § 1983 to challenge the tax. 195 Conn. 682 (1985). Subsequent cases have held that *Zizka* does not bar a taxpayer's § 1983 claims in tax appeals. *Pechinery Corp. v. Crystal,* 43 Conn.

Supp. 91, 643 A.2d 319 (1994). In *Arkansas Writers' Proj. Inc. v. Ragland,* 481 U.S. 221, 234 n. 7, 107 S.Ct. 1722, 1730 n. 7, 95 L.Ed.2d 209 (1987) the United States Supreme Court noted that the question of whether state courts must assume jurisdiction over challenges to an assessment of state taxes under § 1983 "is not entirely clear."

Dated at Bridgeport, Connecticut, this 6th day of March, 1995.