**J & M AUTOBODY, INC., John Monaco and Maurizio DeCarli**

v.

**Gene GAVIN, Warren Marshall and Hans G. Spalter.**

**Civ. No. 3:98CV670 (WWE).**

United States District Court, D. Connecticut.

Nov. 2, 1998.

---

**116**

V. James Ferraro, Law Offices of V. James Ferraro, New Haven, CT, for Plaintiffs.

John G. Haines, Attorney General's Office, Hartford, CT, for Defendants.

## RULING ON MOTION TO DISMISS

EGINTON, Senior District Judge.

This is an action brought pursuant to 42 U.S.C. § 1983 in which plaintiffs claim that defendants violated the State of Connecticut's mandated tax assessment and collection procedures when they filed tax liens against plaintiffs. Defendants have filed a motion to dismiss the complaint for lack of subject matter jurisdiction. Based on the following discussion, defendants' motion will be granted.

### Background

Construing all well-pleaded allegations in the complaint as true for purposes of this motion, the relevant facts are as follows. Plaintiffs John Monaco and Maurizio DeCarli are the president and secretary of plaintiff, J & M Autobody, Inc. ("J & M"), an auto body shop with its place of business in Milford, Connecticut. Defendant Gene Gavin is the Commissioner of Revenue Services of the State of Connecticut, defendant Hans G. Spalter is the Director of Collections and Enforcement, and defendant Warren Marshall, a Revenue Agent II.

On or about May 10, 1997, special agents from the Department of Revenue Services seized the business records of J & M pursuant to a search warrant. On or about December 18, 1997, Monaco and DeCarli were arrested by special agents of the Department of Revenue Services and charged with filing false sales tax returns and larceny. Monaco and DeCarli pled not guilty.

On or about March 1, 1998, defendants Spalter and Marshall filed tax liens against plaintiffs in the Milford and Ansonia clerks' offices and with the Secretary of State in the amount of $611,054.64. Plaintiffs claim that these liens were filed in violation of state law and seek a release of the liens, an injunction enjoining defendants from taking further collection actions against plaintiffs' property, and compensatory and punitive damages as well as attorneys' fees. After the filing of defendants' motion to dismiss, the Department of Revenue Services released the tax liens filed against Monaco and DeCarli. Accordingly, the tax lien against J & M remains.

### Discussion

■ Defendants argue that the court lacks subject matter jurisdiction because plaintiffs claims are barred by the Tax Injunction Act, 28 U.S.C. § 1341. The Tax Injunction Act provides in relevant part that "district courts shall not enjoin, suspend, or restrain the assessment, levy, or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. This act is "rooted in principles of federalism and in recognition of a state's need to administer its own fiscal operations, and was written primarily to limit federal-court interference with local tax matters." *Bernard v. Village of Spring Valley, N.Y.*, 30 F.3d 294, 297 (2d Cir.1994). Principles of federalism and comity underlying the Tax Injunction Act also prohibit an action for injunctive relief and

damages under 42 U.S.C. § 1983 against state tax officials. *Fair Assessment in Real Estate Ass'n Inc. v. McNary*, 454 U.S. 100, 116, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981).

 Plaintiffs respond that the Tax Injunction Act does not bar this action because they are not attacking the constitutionality of the state tax scheme or the validity of the proposed assessment. Rather, they claim that the defendants' actions in filing the tax liens violated state law and deprived them of remedies available to challenge the tax assessment. Plaintiffs' argument is without merit, however, because the Tax Injunction Act applies to any action to restrain or enjoin "the assessment, levy, or *collection* of any tax under State law." 28 U.S.C. § 1341 (emphasis added). The State's filing of a tax lien against plaintiffs is clearly an act to collect taxes. Plaintiffs' response brief demonstrates this fact by stating that they are seeking damages against defendants "who violated the states [sic] own statutorily mandated tax assessment and collection procedures when they filed tax liens against plaintiffs in violation of state law."

■ The next issue is whether the state courts provide plaintiffs with "a plain, speedy and efficient remedy." In order to satisfy this requirement, the state remedy need not be perfect but must satisfy "certain minimal procedural criteria" by providing a "full hearing and judicial determination at which [the taxpayer] may raise any and all constitutional objections to the tax." *Rosewell v. La-Salle Nat'l Bank*, 450 U.S. 503, 512–14, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981).

■ It is clear that the judicial review provided for under Conn.Gen.Stat. § 12–422 meets those requirements. Section 12–422 provides both pre-payment and post-payment remedies including cancellation of assessments and refunds with interest. Appeals under this section are preferred cases and are heard *de novo* in superior court. *Kimberly-Clark Corp. v. Dubno*, 204 Conn. 137, 144–45, 527 A.2d 679 (1987). *See Jade Aircraft Sales, Inc. v. Crystal*, No. 3:96cv1048 (D.Conn. Feb. 13, 1997) (Conn.Gen.Stat. § 12–422 held to provide a plain, speedy and efficient remedy under the Tax Injunction Act); *see also, Finizie v. City of Bridgeport*, 880 F.Supp. 89, 93–95 (D.Conn.1995) (availability of *de novo* judicial review of property tax assessment provided plain, speedy and efficient remedy). Accordingly, because plaintiffs' remedies are adequate under state law, this court is without subject matter jurisdiction under the Tax Injunction Act.

### *Conclusion*

Based on the foregoing reasons, defendants' motion to dismiss the complaint/[doc. # 5] is GRANTED.