IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 92-8244

_____

COLEMAN H. SMITH, ET AL.,

Plaintiffs-Appellants,
Cross-Appellees,

v.

TRAVIS COUNTY EDUCATION DISTRICT, ET AL.,

Defendants-Appellees.
Cross-Appellants.

_____

Appeals from the United States District Court
for the Western District of Texas
_____
(August 3, 1992)

Before VAN GRAAFEILAND,[*] KING, and EMILIO M. GARZA, Circuit Judges.

KING, Circuit Judge:

Texas taxpayers appeal the judgment of the district court declining to enjoin the continued collection of taxes under a public school finance system which, the Texas Supreme Court ruled, violates the Texas Constitution. Travis County Education District, joined by other county education districts, the Texas Education Agency, and the Attorney General of Texas, cross-appeal the district court's decision, arguing that the district court lacked jurisdiction over the claim. Concluding that the Tax Injunction Act, 28 U.S.C. § 1341, bars the district court from entertaining

_____

[*] Senior Circuit Judge of the Second Circuit, sitting by designation.

the taxpayers' claim, we vacate its judgment and remand with instructions to dismiss the suit.

## I.

This case involves the most recent challenge to Texas' public school finance system.[1] On January 30, 1992, the Texas Supreme Court held that the Texas public school finance system levied ad valorem taxes in violation of Article VII, § 1-e of the Texas Constitution, and permitted county education districts (CEDs) to levy ad valorem taxes without prior voter approval in violation of Article VII, § 3 of the Texas Constitution. See Carrollton-Farmers Branch Indep. School Dist. v. Edgewood Indep. School Dist., 826 S.W.2d 489, 524 (Tex. 1992) (Edgewood III). Because the State Legislature was not in regular session, the Texas Supreme Court chose to defer the effect of its ruling for 17 months to avoid disruption to public school operations and to enable the Legislature "to consider all options fully." Id. at 522. Consequently, the Texas Supreme Court directed the state district judge to re-issue an injunction that prohibits the state Commissioner of Education and Comptroller from giving effect to certain provisions of the Texas Education Code, but stays the effect of this prohibition until June 1, 1993. See id. at 523 &

---

[1] The U.S. Supreme Court upheld the validity of an earlier version of the Texas school finance system under the U.S. Constitution in San Antonio Indep. School Dist. v. Rodriguez, 411 U.S. 1 (1973). Since then, that version and two subsequent modifications of the school finance system have been struck down under the Texas Constitution. See Edgewood Indep. School Dist. v. Kirby, 777 S.W.2d 391 (Tex. 1989) (Edgewood I); Edgewood Indep. School Dist. v. Kirby, 804 S.W.2d 491 (Tex. 1991) (Edgewood II); Carrollton-Farmers Branch Indep. School Dist. v. Edgewood Indep. School Dist., 826 S.W.2d 489 (Tex. 1992) (Edgewood III).

n.42, 524. The Texas Supreme Court also held that its ruling was not to be used as a defense to the payment of the 1991 and 1992 CED taxes. Id. at 522.

Two separate groups of Texas taxpayers filed suit against Travis County Education District and other CEDs pursuant to 42 U.S.C. § 1983 in federal district court. The taxpayers sought a declaratory judgment that the imposition and collection of the 1991 and 1992 CED taxes violated the due process clause of the Fourteenth Amendment to the U.S. Constitution. They also sought an injunction requiring that the State of Texas fashion an appropriate post-deprivation remedy to the unconstitutional collection of the 1991 CED taxes already paid, and an injunction prohibiting collection of the 1992 CED taxes. The district court consolidated the two suits and certified plaintiff and defendant classes. The Texas Education Agency and the Attorney General of Texas intervened as defendants.

On May 1, 1992, the district court denied the defendants' motions to dismiss for lack of jurisdiction. The district court determined that collection of the 1991 taxes did not violate due process because the Edgewood III ruling was entered after that tax year. However, the district court declared that continued collection of the 1992 taxes under the system violated due process. Nevertheless, the district court denied injunctive relief on the merits, finding that the public interest in the education of children outweighed the injury to the taxpayers resulting from the due process violation.

II.

The taxpayers argue that the district court erred in refusing to award injunctive relief. On cross-appeal, the defendants contend that the district court erred in asserting jurisdiction over the action. Specifically, the defendants maintain that the lack of a federal question and the Eleventh Amendment deprive the court of jurisdiction, and alternatively, that the Tax Injunction Act and principles of comity required the district court to abstain from entertaining the action. Because we find it dispositive, we consider only the defendants' contention that the Tax Injunction Act bars jurisdiction over this action.

The Tax Injunction Act provides:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

28 U.S.C. § 1341. "[T]his legislation was first and foremost a vehicle to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes." Rosewell v. LaSalle Nat'l Bank, 450 U.S. 503, 522 (1981). Thus, "the Tax Injunction Act imposes an equitable duty on federal district courts to refrain from exercising jurisdiction over claims arising from state revenue collection except when state remedies could prevent a taxpayer from asserting a federal right." McQueen v. Bullock, 907 F.2d 1544, 1547 (5th Cir. 1990) (footnote omitted), cert. denied, 111 S. Ct. 1308 (1991). This restraint emerges from "the scrupulous regard [of the federal courts] for the rightful independence of state governments . . . and a proper reluctance to interfere by injunction with their fiscal operations." Matthews v.

Rodgers, 284 U.S. 521, 525 (1932).

The district court held that the Tax Injunction Act did not prevent it from entertaining the taxpayers' action because the Texas Supreme Court's decision in Edgewood III "eliminates the possibility of a state remedy" by specifying that its ruling could not be used as a defense to the payment of taxes under the invalidated scheme. The defendants contend that the district court improperly assumed jurisdiction over the taxpayers' action. The defendants maintain that the district court focused on whether the taxpayers would receive relief in state court on their claim, instead of the inquiry that the Tax Injunction Act requires: whether the state provided a plain, speedy and efficient remedy for the taxpayers. Because Texas makes adequate judicial procedures available for the taxpayers to bring their federal claim, the defendants argue, the Tax Injunction Act precludes their action.

The Tax Injunction Act bars federal district courts from granting declaratory as well as injunctive relief in cases challenging state tax systems. California v. Grace Brethren Church, 457 U.S. 393, 408 (1982) (citing Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 299 (1943)). Further, "taxpayers are barred by the principles of comity from asserting § 1983 actions against the validity of state tax systems in federal court." Fair Assessment in Real Estate Ass'n v. McNary, 454 U.S. 100, 116 (1981). Therefore, the Tax Injunction Act bars the district court from asserting jurisdiction unless the State fails to supply a plain, speedy and efficient remedy for the taxpayers' claim.

The inquiry into whether a plain, speedy and efficient remedy

exists focuses on whether a state provides a procedural vehicle that affords taxpayers the opportunity to raise their federal constitutional claims. Rosewell, 450 U.S. at 512-13 (citing Tully v. Griffin, Inc., 429 U.S. 68, 74 (1976), and Huffman, 319 U.S. at 300-01 (1943)). A state provides a plain, speedy and efficient remedy when it provides taxpayers "with a 'full hearing and judicial determination,'" with ultimate review available in the United States Supreme Court pursuant to 28 U.S.C. § 1257. Rosewell, 450 U.S. at 514 (quoting S. Rep. No. 701, 72d Cong., 1st Sess., 1-2 (1932)) (citation omitted).

The taxpayers do not allege that the state fails to furnish a procedural avenue for them to pursue their federal due process claim. Indeed, they initiated state court actions before bringing their claim in federal court. These actions are still pending. Rather, the taxpayers argue that because Edgewood III prevents them from using the Texas Supreme Court's ruling as a defense to the nonpayment of taxes under the public school finance system, it appears unlikely that they will succeed on the merits of their federal claim in state court. This argument provides no basis for circumventing the jurisdictional bar imposed by the Tax Injunction Act. See Franchise Tax Bd. v. Alcan Aluminum, 493 U.S. 331, 340-41 (1990); Rosewell, 450 U.S. at 512-17; see also Redd v. Lambert, 674 F.2d 1032, 1036 (5th Cir. 1982) ("There is no indication that Congress intended that the lower federal courts would provide supplemental relief whenever a litigant does not receive all the relief he seeks in state court."). The taxpayers have not demonstrated that the state courts have refused to entertain their

federal claim in their pending state court actions.  Nor do they show that their state remedy is uncertain or speculative.  <u>See</u> <u>Alcan Aluminum</u>, 493 U.S. at 340.  Accordingly, we hold that the Tax Injunction Act bars the district court from exercising jurisdiction over the taxpayers' claim.  In view of this holding, we need not address other errors in the district court's opinion.

### III.

For the foregoing reasons, we VACATE the opinion and judgment of the district court and REMAND with instructions to dismiss the suit pursuant to 28 U.S.C. § 1341.  Costs shall be borne by the taxpayers, plaintiffs-appellants herein.