**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-30448
Summary Calendar

UNITED ARTISTS THEATRE CIRCUIT INCORPORATED;
LANDMARK THEATER CORPORATION; MOVIES INCORPORATED,

Plaintiffs-Appellants

VERSUS

CITY OF NEW ORLEANS, DEPARTMENT OF FINANCE,
MARINA M. KAHN, DIRECTOR,

Defendant-Appellee

Appeal from the United States District Court
For the Eastern District of Louisiana
(95-CV-17-D)
October 22, 1996

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[1]

Appellants United Artists Theatre Circuit Inc., Landmark Theater Corporation and Movies Inc. appeal the district court's dismissal of appellants' action for declaratory judgment and tax refund. Appellants challenged the constitutionality of Article IV, Chapter 150 of the Code of the City of New Orleans (the "Amusement

---

[1]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Tax"), which imposes a 5% tax on the gross receipts of many entities engaged in entertainment activities. The district court found, among other things, it did not have jurisdiction over the case under 28 U.S.C. §1341. The district court was correct in its finding it had no jurisdiction over the appeal, and acted properly in dismissing the suit. Smith v. Travis County Educ. Dist., 968 F.2d 453 (5th Cir. 1992).

28 U.S.C. § 1341, the Tax Injunction Act, provides:

The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

Chapter 150, Section 192 of the Code of the City of New Orleans addresses the remedy afforded taxpayers who dispute the legality of the tax. That section directs that the protesting taxpayer pay the tax, and at the time of payment give notice to the director of the department of finance of his intention to file suit. Suit must be filed within thirty days. If the protesting taxpayer who brings the suit prevails, his taxes will be refunded with interest.

This remedy provides "a meaningful opportunity to secure postpayment relief for taxes already paid" under a system the appellants claim is unconstitutional. McKesson Corp. v. Division of Alcoholic Beverages and Tobacco, 496 U.S. 18, 22 (1990). As such, it satisfies the requirements of § 1341.

While the district court acted properly in dismissing the suit, it was incorrect in making further findings once it found

itself without jurisdiction to hear the case. See Smith, 968 F.3d at 454-56. For that reason, the district court erred when it ruled the appellants had no standing to bring this action.

We decline to consider the other issues raised in this appeal since we find this action is barred in federal court by the Tax Injunction Act. That finding is dispositive.

The opinion and judgment of the district court is VACATED and the case is REMANDED with instructions to dismiss pursuant to 28 U.S.C. § 1341.