[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 4, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15997
Non-Argument Calendar

_____

D. C. Docket No. 04-00910-CV-T-S

EDWARD C. GIBSON,

Plaintiff-Appellant,

versus

CLEOPHUS GAINS, JR.,
ALABAMA DEPARTMENT OF REVENUE,
Tax Division,
BILL THOMPSON,
STATE OF ALABAMA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(April 4, 2006)**

Before MARCUS, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Edward Gibson, a pro se litigant, appeals the district court's dismissal of his civil rights complaint. We affirm the district court's decision for the reasons set forth below.

## I.

Gibson filed a pro se civil rights complaint against Alabama Department of Revenue Assistant Counsel Cleophus Gaines, Jr.,[1] and Alabama Department of Revenue Chief Administrative Law Judge Bill Thompson (collectively, the "individual defendants"), and the State of Alabama and the Alabama Department of Revenue (collectively, the "State"). Under a liberal construction of his complaint, Gibson alleged federal constitutional and statutory violations pursuant to 42 U.S.C. § 1983, a conspiracy claim pursuant to 42 U.S.C. § 1985, as well as state law claims of selective prosecution, obstruction of justice, invasion of privacy, libel, and various criminal violations. Gibson's complaint arose from his claims that the state was improperly collecting taxes that he did not owe and was harassing and intimidating him in order to obtain payment. Gibson requested injunctive relief, damages in excess of $100 million, and a protective order to prevent the state from filing a lien for non-payment of taxes.

_____

[1]Gibson has apparently misspelled this party's name. The court will use the spelling used by Gaines's attorney.

Counsel for the defendants construed the complaint to name only Gaines and Thompson as defendants in their official and individual capacities and moved to dismiss, arguing that, inter alia, the claims against the individual defendants in their official capacities were barred by the Eleventh Amendment and in their individual capacities by qualified immunity, and the court lacked jurisdiction under the Tax Injunction Act, 29 U.S.C. § 1341, and in the interests of comity because there was an adequate state remedy available.

Gibson responded to the motion to dismiss, reiterating his claims and arguing that he did not have an adequate state remedy. He also moved for default judgment against the State, which the court denied, and for summary judgment.

The magistrate judge ultimately recommended granting the motion to dismiss, noting that Gibson apparently intended to name as defendants both the individuals and the State. The magistrate first found that the Eleventh Amendment prevented the court from exercising jurisdiction over the claims against the State and the individual defendants in their official capacities, except to the extent Gibson sought injunctive relief on his federal claims. The magistrate judge next found that the court lacked subject matter jurisdiction over the claims under the Tax Injunction Act because there was an adequate state remedy, and that, in the interests of comity, the court should not consider the claims for monetary damages

3

against the individual defendants in their individual capacities nor should it consider the § 1985(3) conspiracy claims. Finally, the magistrate judge concluded that criminal statutes did not provide a private right of action that would enable Gibson to bring a criminal complaint for deprivations of his rights. The district court then adopted the magistrate judge's recommendations over Gibson's objections and dismissed the complaint. Gibson now appeals.

II.

We review the denial of a motion for default judgment for abuse of discretion. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002). Questions of subject matter jurisdiction are reviewed de novo. *Samco Global Arms, Inc. v. Arita*, 395 F.3d 1212, 1214 n.4 (11th Cir. 2005). We review a district court's decision whether to exercise supplemental jurisdiction over state law claims for abuse of discretion. *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir. 2004).

As an initial matter, the appellees argue that Gibson has waived the issues on appeal by not presenting any specific arguments for how the district court was in error. *See, e.g.*, *Farrow v. West*, 320 F.3d 1235, 1242 n.10 (11th Cir. 2003). The petitions of pro se litigants, however, are to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In light of this, Gibson argued that the court

erred by dismissing his complaint, and therefore this court will address the merits.

A. Default Judgment

Under the Federal Rules of Civil Procedure, entry of default is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided in these rules." Fed. R. Civ. P. 55(a). The district court did not abuse its discretion by denying the motions for default judgment because the defendants' motion to dismiss qualified as a responsive pleading, and therefore, a default judgment was not warranted.

B. Subject Matter Jurisdiction

The Tax Injunction Act provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. This limitation is jurisdictional, and this circuit has held that "'the Tax Injunction Act will bar the exercise of federal jurisdiction if two conditions are met: (1) the relief requested by the plaintiff will "enjoin, suspend, or restrain" a state tax assessment and (2) the state affords the plaintiff a "plain, speedy and efficient remedy."'" *Amos v. Glynn County Bd. of Tax Assessors*, 347 F.3d 1249, 1255 (11th Cir. 2003) (quoting *Williams v. City of Dothan*, 745 F.2d 1406, 1411 (11th Cir. 1984)). Here, Gibson has satisfied the first element because

5

he is challenging the State's determination that he owes back taxes, thus the question for the court is whether the state has satisfied the second prong.

The Supreme Court has held that "the 'plain, speedy and efficient' exception requires the state-court remedy [to meet] certain procedural criteria." *California v. Grace Brethren Church*, 457 U.S. 393, 411 (1982) (internal quotation omitted) (alteration in original). "The touchstone . . . is whether [the taxpayer] is entitled to a full hearing and judicial determination at which she may raise any and all constitutional objections to the tax." *Amos*, 347 F.3d at 1256 (internal quotation omitted). The plaintiff has the burden to show facts sufficient to overcome the jurisdictional bar of the Tax Injunction Act. *Smith v. Travis County Educ. Dist.*, 968 F.2d 453, 456 (11th Cir. 1992).

According to the State, Gibson challenged the State's determination of his tax liability, the Administrative Law Division of the Department of Revenue affirmed after a hearing, which Gibson failed to attend, and Gibson did not appeal that decision as permitted by Alabama law. Gibson does not argue, and has failed to show, that the state remedy was not "plain, speedy and efficient." The district court, therefore, correctly found that it lacked jurisdiction to entertain Gibson's claims against the State and the individual defendants in their individual and official capacities to the extent that Gibson was seeking a declaratory judgment or

injunctive relief preventing the defendants from collecting the assessed taxes.

Additionally, because "[t]he recovery of damages under the Civil Rights Act first requires a 'declaration' or determination of the unconstitutionality of a state tax scheme that would halt its operation," the Supreme Court has held that "taxpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts," provided that "plain, adequate, and complete" state remedies are available.[2] *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 115, 116 (1981). Again, because Gibson failed to argue that there was not a "plain, adequate, and complete" state remedy, to the extent that he seeks monetary damages against the defendants pursuant to 42 U.S.C. § 1983, the district court correctly concluded that principles of comity preclude it from entertaining the claims. The same reasoning also extends to Gibson's claim for damages under 42 U.S.C. § 1985 because the claim depends on an initial determination of the constitutionality of the state tax system and therefore the district court correctly declined to entertain that claim as well.

C. Criminal Prosecution

"[A] private citizen lacks a judicially cognizable interest in the prosecution

---

[2]The Supreme Court found "no significant difference" between the "plain, adequate, and complete" standard used for comity and the "plain, speedy and efficient" standard used in § 1341. *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 116 n.8 (1981).

or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Therefore, to the extent that Gibson raises criminal allegations against the defendants, Gibson lacks standing to raise such claims and the district court properly dismissed them.

D. State Law Claims

The district court can decline to exercise supplemental jurisdiction when "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). This circuit has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004). Here, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Gibson's state law claims once it determined that it lacked jurisdiction to entertain Gibson's federal law claims.

Accordingly, we AFFIRM the district court's dismissal of this action. AFFIRMED.

8