# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 28, 2008

Charles R. Fulbruge III
Clerk

No. 07-41084
Summary Calendar

MANOJ LUVI SAMTANI

Plaintiff-Appellant

v.

WEBB COUNTY APPRAISAL DISTRICT; APPRAISAL REVIEW BOARD
OF WEBB COUNTY; WEBB COUNTY; ROBERTO VALDEZ, Individually
and In His Official Capacity; UNITED INDEPENDENT SCHOOL DISTRICT

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CV-53

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Manoj "Luvi" Samtani appeals from the district court order dismissing his civil rights action for lack of subject-matter jurisdiction pursuant to the Tax Injunction Act, 28 U.S.C. § 1341. Samtani contends that the district court incorrectly concluded that Texas provides a plain, speedy, and efficient remedy to his claims.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Samtani is a property owner who filed the underlying 42 U.S.C. § 1983 action alleging that the Defendants fraudulently increased his property taxes for personal gain and threatened him with foreclosure. He sought various forms of injunctive relief, including lowering and capping the appraised value of his property, preventing future increases in the property's value, and barring Defendants from making any future assessments on his property without prior authorization by the district court. He also sought money damages.

The Defendants filed motions to dismiss, citing, inter alia, the Tax Injunction Act. The Act provides,

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

28 U.S.C. § 1341. The Defendants argued that Samtani's claims challenging the County's assessment or collection of his property tax and his federal constitutional claims could both be heard in Texas courts. The district court agreed and granted the Defendants' motions to dismiss.

The Tax Injunction Act bars a federal district court from asserting jurisdiction over a taxpayer's suit unless the State fails to supply a plain, speedy, and efficient remedy for the taxpayer's claim. See Smith v. Travis County Educ. Dist., 968 F.2d 453, 456 (5th Cir. 1992). We have previously acknowledged that Texas state courts provide such a remedy for tax complaints like Samtani's. See McQueen v. Bullock, 907 F.2d 1544, 1548 n.9 (5th Cir. 1990). Because the state courts also provide a procedural vehicle for taxpayers' federal constitutional claims, including a "full hearing and judicial determination, with ultimate review available in the United States Supreme Court," Texas provides an adequate remedy for Samtani's constitutional claims as well. Smith, 968 F.2d at 456 (quotation marks omitted) (Act bars taxpayers' federal due process claim); see also

Clark v. Andrews County Appraisal Dist., 76 F. App'x 525, 526 (5th Cir. 2003) (unpublished) (Fifth and Fourteenth Amendment challenges against county taxing authorities could be fully adjudicated in Texas state court).

Although a plaintiff could potentially show that such remedies were not available to him because the state courts have refused to entertain his federal claims, or the state remedy is uncertain or speculative, see Smith, 968 F.2d at 456, that is not the case here. Samtani's claim that his state court suit was not entertained is belied by the fact that he terminated the action himself by filing a "motion to non-suit." Nor do Samtani's provocative allegations against unnamed "local judges" provide a legitimate basis to question the adequacy of the state remedy.

In light of the foregoing, we AFFIRM the judgment of the district court.