# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 19, 2011

Lyle W. Cayce
Clerk

No. 11-30101

ANR PIPELINE COMPANY; TENNESSEE GAS PIPELINE COMPANY; SOUTHERN NATURAL GAS COMPANY,

Plaintiffs–Appellants

v.

LOUISIANA TAX COMMISSION; PETE PETERS; BELINDA B. HAZEL; KENNETH P. NAQUIN, JR.; JOEY VERCHER; PAUL HARGROVE; RUSSELL L. BENOIT; RICHARD C. EARL; RENEE MIRE MICHEL; WAYNE P. BLANCHARD; BOBBY L. CUDD; RICHARD J. COLE, JR.; JIM D. SEVIER; ERROL G. WILLIAMS; REBECCA H. CRAIG; TONY MANCUSO; JAMES GLEN KELLY; SID J. GAUTREAUX, III; EDDIE SOILEAU; LISA CHAISSON; LARRY G. COX; MIKE TUBBS; REGINALD ZENO; CITY OF NEW ORLEANS; ET AL,

Defendants–Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana

Before DAVIS, PRADO, and OWEN, Circuit Judges.

EDWARD C. PRADO, Circuit Judge:

ANR Pipeline Co., Tennessee Gas Pipeline Co., and Southern Natural Gas Co. (collectively, "appellants") own interstate natural-gas pipelines subject to a 25% ad valorem tax under Louisiana Constitution article 7, § 18. They brought and won a state-court suit alleging certain intrastate pipelines were unconstitutionally given more favorable tax treatment by being taxed only at a

No. 11-30101

15% rate from 1994–2003,[1] but the state court's remedy was not what they expected. Instead of simply refunding appellants the 10% difference in taxes they had paid under protest, the court also ordered appellants' tax liability to be recalculated under the same fair-market-value ("FMV") determination process to which the intrastate pipelines were subjected.[2] The Louisiana courts have upheld the judgment and remedy as consistent with Louisiana law mandating equal treatment, and the Louisiana and United States Supreme Courts have declined to hear appellants' petitions challenging the remedy imposed. The subsequent revaluation process has been consumed by litigation in the Louisiana courts. Appellants have since brought suit in Louisiana court for the same violations for the 2004–2009 tax years, and that litigation is currently pending.

Appellants brought suit in federal court on August 9, 2010, alleging Due Process, Equal Protection, and Commerce Clause violations, via 42 U.S.C. § 1983, resulting from the revaluation process. Specifically, they contend that the process violates Louisiana law in various ways and denies appellants the 10% in taxes that they paid under protest that they are "owed." Appellants also bring the same constitutional claims for the 2004–2009 tax years as raised in the pending state-court litigation. On appeal is the district court's grant of the defendants' motion to dismiss. We hold that the district court properly dismissed appellants' suit because their federal claims are barred by the Tax Injunction Act, 28 U.S.C. § 1341.

---

[1] Specifically, appellants alleged that application of the discriminatory taxation-assessment ratios violated the uniformity requirement of the Louisiana Constitution, the Equal Protection and Due Process clauses of the Louisiana and United States Constitutions, and the Commerce Clause. The state court determined that the Louisiana Tax Commission violated every clause of each constitution raised by appellants, except it declined to rule on the Commerce Clause claim.

[2] Property subject to the 25% rate has its FMV determined by the Louisiana Tax Commission ("LTC"), whereas property subject to the 15% rate has its FMV determined by parish tax assessors. The FMV methodologies are apparently different.

No. 11-30101

# I.  FACTUAL AND PROCEDURAL BACKGROUND

## A.    State Court Proceedings

Appellants own interstate natural-gas pipelines subject to a 25% ad valorem tax under the Louisiana Constitution.  Article 7, § 18 of the Louisiana Constitution ("Ad Valorem Taxes") provides that "public services properties[ ] excluding land" are subject to a 25% tax whereas "other property" is subject to a 15% tax.  LA. CONST. art. VII, § 18(B).  Section 18(D) outlines how property subject to the ad valorem taxes is valued.  It provides that: "Each assessor shall determine the fair market value of all property subject to taxation within his respective parish or district except public service properties, which shall be valued at fair market value by the Louisiana Tax Commission [("LTC")] or its successor." *Id.* § 18(D).  Under Louisiana Law, "public service properties" are "the immovable, major movable, and other movable property owned or used but not otherwise assessed in this state in the operations of each . . . pipeline company," among other entities.  LA. REV. STAT. § 47:1851(M).  "Pipeline companies" are defined as:

> "any company that is engaged primarily in the business of transporting oil, natural gas, petroleum products, or other products within, through, into, or from this state, and which is regulated by (1) the Louisiana Public Service Commission, (2) the Interstate Commerce Commission, or (3) the Federal Power Commission, as a "natural gas company" under [federal law]."

*Id.* § 47:1851(K).

Because all interstate pipelines running through Louisiana are regulated by the Federal Energy Regulatory Commission,[3] all interstate pipelines are "public service" property and subject to ad valorem taxation at the 25% rate by the LTC.  Intrastate pipelines that sell to local natural-gas distributing systems

---

[3] The Federal Energy Regulatory Commission is the successor to the Federal Power Commission.

are regulated by the Louisiana Public Service Commission ("PSC") and therefore are classified as public service property and subject to taxation at the 25% rate by the LTC, but other intrastate pipelines are not so regulated and therefore are classified as "other property" and subject to 15% taxation by local parish tax assessors.

For all the applicable tax years, appellants had been taxed at the 25% rate and had their pipelines' FMV calculated by the LTC. Appellants filed their taxes under protest during tax years 1994–2003 because they believed the different tax rates for intra- and interstate natural-gas pipelines were unconstitutional. In 2005, appellants filed suit in the 19th Judicial District Court for East Baton Rouge Parish ("the 19th JDC"), claiming the differing tax rates violated the Equal Protection and Due Process clauses of the Louisiana and United States constitutions, the Commerce Clause, and the uniformity requirement of the Louisiana Constitution. Specifically, appellants argued that intrastate PSC-regulated pipelines ("PSC pipelines") were impermissibly classified by the LTC as "other property" and taxed at the 15% rate, rather than at the 25% rate.

Appellants won their suit. The 19th JDC determined that the PSC pipelines received preferential treatment and that the LTC's disregard for the uniformity requirement in the Louisiana Constitution violated the Equal Protection and Due Process clauses of the Louisiana and United States Constitutions. The court pretermitted deciding the facial constitutionality of the tax regime under the Commerce Clause, on the ground that appellants would receive a full remedy on its other claims. Rather than simply award appellants the taxes they had paid under protest, the court decided they would receive the *exact* same treatment as the PCS pipelines. That is, appellants' pipelines would be treated as if it were "other property" for purposes of both the lower rate *and* the FMV-evaluation process. The local parish assessors thus had to first determine appellants' pipelines' FMV for the 1994–2003 years, calculate the

taxes owed for those years using the 15% FMV calculation, and then refund appellants the difference—if any—between the taxes paid and the taxes owed under the new calculation. The 19th JDC remanded the case to the LTC with instructions to require the local parish assessors to revalue appellants' pipelines in a timely manner.

Appellants appealed the remedy fashioned by the 19th JDC to the Louisiana First Circuit Court of Appeal, arguing that their due process rights would be violated by the reassessment. The First Circuit rejected the appeal on the ground that the remedy was proper under Louisiana precedent and that it did not violate their due process rights because there were ample state-law protections. *ANR Pipeline Co. v. La. Tax Comm'n*, 923 So. 2d 81, 93, 97–98 (La. Ct. App. 2008) ("*ANR VI*"). It also rejected appellants' appeal of the 19th JDC's failure to decide its Commerce Clause challenge, on the ground that such a ruling was unnecessary to the extent appellants obtained adequate relief through re-assessment and refund of any taxes paid. *Id.* at 99. The Louisiana Supreme Court denied appellants' writ petition, *ANR Pipeline Co. v. La. Tax Comm'n*, 925 So. 2d 547 (La. 2006), and the United States Supreme Court denied their petition for a writ of certiorari, *ANR Pipeline Co. v. La. Tax Comm'n*, No. 05-1606, 2006 WL 1662255 (U.S. June 15, 2006), *writ denied*, 549 U.S. 822 (2006), both of which challenged the remedy provided and the revaluation process as violating appellants' rights.

The parish assessors began the revaluation process in 2006 and in some parishes appellants received new tax bills that increased their tax liability. Appellants appealed to the LTC in 2006. In June 2007, the 19th JDC on appellants' motion enjoined the LTC from holding revaluation hearings and ordered appellants to receive the full amount of taxes paid under protest. The Court of Appeal vacated that order and ordered the revaluation process to continue. *ANR Pipeline Co. v. La. Tax Comm'n*, 997 So. 2d 105 (La. Ct. App.

No. 11-30101

2008); *ANR Pipeline Co. v. La. Tax Comm'n*, 997 So. 2d 92 (La. Ct. App. 2008). The LTC finally heard appellants' appeal in October 2009 and ruled in their favor on November 23, 2009. Twenty parish tax assessors sought judicial review of the LTC's decision in their home districts rather than in the 19th JDC. Appellants filed writs to the Louisiana First, Second, and Third Circuit Courts of Appeal challenging the home-parish reviews; the Second and Third Circuits denied the writs (the Louisiana Supreme Court denied appellants' writ from the Second Circuit's denial), and the writ to the First Circuit is apparently still pending.

With regard to the 2004–2009 tax years, appellants again paid their taxes under protest and brought suit in the 19th JDC seeking refunds on the same legal grounds as the 1994–2003 suit. In their Complaint in federal court, however, appellants argue that the protracted state-court litigation involving the 1994–2003 claims shows it has no adequate remedy under Louisiana law for the violations.

**B. The Instant Suit**

Appellants brought this suit in federal court on August 9, 2010, for injunctive relief and damages under 42 U.S.C. § 1983 for various Due Process, Equal Protection, and Commerce Clause violations arising out of the 1994–2003 tax years' revaluation process and raised anew the constitutional challenges to its being taxed during the 2004–2009 years under an allegedly unconstitutional scheme.[4]

---

[4] As best as we read the Complaint, appellants allege that: (1) No Louisiana court will hear their complaints that the LTC and parish assessors' "perversion and abuse of" the retroactive revaluation process (by inflating the FMV of their property to eliminate the tax refunds to which they are "entitled") violates their due process, equal protection, and Commerce Clause rights under the United States Constitution; (2) the parish assessors' issuing new tax bills increasing appellants' tax liability violates their equal protection and due process rights; (3) three tax collectors' refusal to refund to appellants taxes paid under protest despite being ordered to do so by the LTC violates their equal protection and due process rights; (4) the LTC is a biased tribunal, and the October 2009 hearings before the tribunal

No. 11-30101

Appellants seek as damages the 10% difference in taxes paid under protest, and seek injunctions preventing the defendants from (1) proceeding with the 1994–2003 tax revaluation process, including the judicial review proceedings; (2) proceeding with the 2004–2009 tax cases currently pending in Louisiana court; (3) refusing to refund the taxes (10% difference) paid under protest; and (4) continuing to assess plaintiffs at the 25% tax rate rather than the 15% rate. Appellants also seek to have their FMV determined by the LTC rather than by the parish assessors, and seek a stay of the 2004–2009 tax proceedings currently underway in Louisiana court.

The defendants filed motions to dismiss, which the district court granted in its January 18, 2011 order. *ANR Pipeline Co. v. La. Tax Comm'n*, No. 10-2622, 2011 WL 163547 (E.D. La. Jan. 19, 2011). It dismissed the Commerce Clause claim on multiple grounds, including the expiration of the prescriptive period for § 1983 tort actions; the Tax Injunction Act, 28 U.S.C. § 1341; the Anti-Injunction Act, 28 U.S.C. § 2283; and general comity principles. It dismissed the due process claims arising from the 1994–2003 tax revaluations on the grounds that they failed to state a claim upon which relief can be granted and are likewise barred by the Tax Injunction and Anti-Injunction Acts and principles of comity. It dismissed the 2004–2009 claim for relief on the grounds that the Tax Injunction Act and principles of comity deprive the court of jurisdiction.

violated their due process rights; (5) the LTC, in its November 23, 2009 order, violated appellants' equal protection and due process rights when it refused to determine the FMV of their pipelines, which resulted in new FMV valuations considerably higher than under the alternative FMV-determination scheme; (6) the twenty parish assessors' seeking of judicial review of the November 23, 2009 LTC order in their home districts rather than the 19th JDC violated appellants' equal protection and due process rights; (7) the ad valorem tax scheme violates the Commerce Clause and, with the LTC and parish assessors' "perversion and abuse of the Louisiana courts' remedy," denies appellants of equal protection; (8) they have challenged their 2004–2009 taxes in Louisiana court on the same constitutional grounds as the 1994–2003 suit but have no adequate remedy under Louisiana law to recover their tax payments made under protest, because the remedy created and abused by the LTC is illusory and violates their due process and equal protection rights.

7

No. 11-30101

## II.  JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction pursuant to 28 U.S.C. § 1291.  We review "de novo a district court's grant of a motion to dismiss for lack of subject matter jurisdiction, applying the same standards as the district court." *Del–Ray Battery Co. v. Douglas Battery Co.*, 635 F.3d 725, 728 (5th Cir. 2011) (citation omitted). "We also review de novo a district court's grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Id.* (citation omitted).  "A plaintiff fails to state a claim when the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* at 728–29 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III.  DISCUSSION

### A.    The Still-Undecided Commerce Clause Claim

The Tax Injunction Act, 28 U.S.C. § 134, provides that: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."   According to the Supreme Court, this statutory text should be interpreted to advance its purpose of "confin[ing] federal-court intervention in state government." *Arkansas v. Farm Credit Servs. of Cent. Ark.*, 520 U.S. 821, 826–27 (1997) (citations omitted).  "Embodied within the statute is the duty of federal courts to withhold relief when a state legislature has provided an adequate scheme whereby a taxpayer may maintain a suit to challenge a state tax." *Home Builders Ass'n of Miss. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted).  In short, "the Tax Injunction Act is a broad jurisdictional impediment to federal court interference with the administration of state tax systems." *Id.* (internal quotation marks and citation omitted).

It is undisputed that appellants seek to enjoin Louisiana's ad valorem tax-assessment and collection proceedings against them, and seek repayment of

8

taxes paid under protest for the 1994–2003 tax years. These are the classic remedies that the Act bars the federal courts from providing. *See Henderson v. Stalder*, 407 F.3d 351, 359 (5th Cir. 2005) (concluding that the Act applies only where the "state taxpayers seek federal court orders enabling *them* to avoid paying state taxes"(quoting *Hibbs v. Winn*, 542 U.S. 88 (2004)) (emphasis in *Henderson*)). The Act also prohibits declaratory relief when such relief would thwart state tax collection. *Levin v. Commerce Energy, Inc.*, 130 S. Ct. 2323, 2331 n.4 (2010). Thus, unless Louisiana does not provide "a plain, speedy and efficient remedy" for vindicating Commerce Clause violations that cause state tax-assessment and collection harms, the federal courts lack jurisdiction to hear appellants' claim. *See Washington v. Linebarger, Goggan, Blair, Pena & Sampson, LLP*, 338 F.3d 442, 445 (5th Cir. 2003).

"State courts are equipped to furnish a plain, speedy, and efficient remedy if they provide a procedural vehicle that affords taxpayers the opportunity to raise their federal constitutional claims." *Home Builders Ass'n*, 143 F.3d at 1012 (citing *Smith v. Travis Cnty. Educ. Dist.*, 968 F.2d 453, 456 (5th Cir. 1992)). That is, "a state's remedy is adequate when it provides taxpayers with a complete judicial determination that is ultimately reviewable in the United States Supreme Court." *Id.* Important for our review, "the state remedy need not be the best of all remedies. [It] need only be adequate." *Id.* (quoting *Alnoa G. Corp. v. City of Hous., Tex.*, 563 F.2d 769, 772 (5th Cir. 1977) (per curiam)) (alteration in *Home Builders*). We have further explained:

> We are convinced that both longstanding judicial policy and congressional restriction of federal jurisdiction in cases involving state tax administration make it the duty of federal courts to withhold relief when a state legislature has provided an adequate scheme whereby a taxpayer may maintain a suit to challenge a state tax. The taxpayer may assert his federal rights in the state courts and secure a review by the Supreme Court.

No. 11-30101

*Washington*, 338 F.3d at 445 (quoting *Bland v. McHann*, 463 F.2d 21, 24 (5th Cir. 1972)).

Louisiana provides a procedural vehicle for raising constitutional claims—suit in the state district courts—and appellants have exercised this remedy. *See* LA. REV. STAT. § 47:1856. Appellants brought suit in the 19th JDC for Commerce Clause harms incurred during the 1994–2003 tax years, sought review by the Louisiana First Circuit Court of Appeal, and sought writs for review from the Louisiana and United States Supreme Courts. We have made clear that "potential failure in state court 'provides no basis for circumventing the jurisdictional bar imposed by the Tax Injunction Act.'" *Washington*, 338 F.3d at 445 (quoting *Smith*, 968 F.2d at 456 (citations omitted)). Appellants have had a full and fair opportunity to litigate this claim, and have not been deprived of a remedy simply because the Louisiana courts have found that it is unnecessary to reach that issue in order to provide appellants with the relief they sought. That appellants have taken advantage of Louisiana's system for challenging unconstitutional taxation is enough to defeat federal subject-matter jurisdiction under *Home Builders* and *Washington*.

We will nevertheless address the remainder of appellants' arguments that they have been denied an adequate procedural vehicle in the Louisiana courts to remedy the Commerce Clause violation. To the extent appellants argue that the Act is no bar to federal jurisdiction because the revaluation remedy provided by the 19th JDC for the due process and equal protection harms is inadequate to remedy any Commerce Clause harms, that is a challenge to raise on appeal in state court and up to the Supreme Court of the United States—something appellants have already done. This argument has no bearing on whether Louisiana provides a procedural vehicle—including courts empowered to provide adequate relief that is reviewable by the Supreme Court—for vindicating constitutional harms. Furthermore, appellants have provided no satisfactory

explanation for why they have not sought to re-open the 19th JDC's ruling if, as they argue, that court has retained jurisdiction over the Commerce Clause claim and the subsequent state-court litigation has proved the remedy to be inadequate. Even under appellants' characterization of the state-court proceedings, they have a legal process available to them in state court to vindicate their Commerce Clause injuries. It is irrelevant that they cannot also raise this challenge in the twenty home-parish review proceedings.

Finally, the fact that appellants have thus far been unsuccessful in consolidating the twenty home-parish judicial review actions in the 19th JDC does not mean that the remedy provided by the 19th JDC is not plain, speedy, and efficient. Appellants are not entitled to "the best of all remedies"; rather, the state-court remedy need only be adequate and "not unduly burdensome." *Alnoa G. Corp.,* 563 F.2d at 772. While challenging individual tax assessments in twenty parishes is not the most efficient way of ultimately determining appellants' new tax liability, it does not rise to the level that was found inefficient in *Georgia R.R. & Banking Co. v. Redwine*, 342 U.S. 299 (1952) (finding the remedy inefficient where the procedure for halting tax executions by affidavits of illegality would have required filing of over 300 separate claims in 14 different counties). Furthermore, in *Redwine*, the Supreme Court dismissed an alternate remedy—suit for refund after payment of taxes—on the ground that this remedy applied to only 15% of the taxes in controversy. *Id.* at 303 & n.11 ("An adequate remedy as to only a portion of the taxes in controversy does not deprive the federal court of jurisdiction over the entire controversy."). Here, appellants' suit for a refund of taxes paid under protest applies to the full refund to which appellants may be entitled.

In short, appellants have raised their Commerce Clause claim in state court, and the Louisiana courts have heard it. Louisiana's remedy for vindicating this alleged injury does not cease to be plain, speedy, efficient, or

No. 11-30101

adequate simply because appellants have brought—and lost—numerous state-court appeals arguing that the Louisiana courts have misapplied Louisiana law at practically every step in the FMV-reassessment process. The federal courts therefore lack jurisdiction over this claim, and the district court properly granted defendants' motion to dismiss.

**B.     Due Process and Equal Protection Claims Arising Out of the Judicial Review Proceedings Initiated By Parish Tax Assessors**

All of appellants' Due Process and Equal Protection claims stem from the FMV-revaluation process ordered by the 19th JDC, and have been the subject of extensive state-court litigation. Appellants seek to enjoin ongoing state tax revaluation proceedings, recover a refund of taxes paid under protest, and limit the amount of taxes Louisiana can collect from them in the future by being subject to a unique form of taxation under Louisiana law—a 15% tax rate with FMV determined by the LTC. For the same reasons as explained above, the federal courts lack jurisdiction over appellants' claims unless Louisiana's remedy for vindicating those claims is not plain, speedy, and efficient. And, for the same reasons, appellants have failed to show that Louisiana's procedural vehicle—suit in state court—is inadequate for vindicating their federal rights. While appellants may be "frustrated at every turn" by the Louisiana courts, "failure in state court 'provides no basis for circumventing the jurisdictional bar imposed by the Tax Injunction Act,'" *Washington*, 338 F.3d at 445 (quoting *Smith*, 968 F.2d at 456 (citations omitted)), and it is not unduly burdensome to defend twenty home-parish review proceedings.

**C.     Claims for the 2004–2009 Tax Years**

Appellants bring a tax-refund claim for taxes paid under protest in 2004–2009 on the same grounds as raised in the still-pending state-court proceedings: that the ad-valorem tax scheme violates appellants' due process, equal protection, and uniformity rights, and violates the Commerce Clause. The

federal courts lack jurisdiction over this claim for the same reasons as expressed above.

Finally, we feel compelled to address appellees' assertion on appeal that appellants may not have an adequate procedural vehicle for raising their new Commerce Clause claim in Louisiana court. Specifically, appellees baldly state—without a single case citation or shred of legal support—that the Louisiana courts "are powerless to declare a provision of the Louisiana Constitution unconstitutional" because they "derive their authority exclusively from the Louisiana Constitution," and that the district court therefore potentially erred in concluding the Tax Injunction Act presented a subject-matter-jurisdictional hurdle to deciding appellees' new Commerce Clause claim.[5] Nowhere in the 19th JDC or Louisiana First Circuit Court of Appeal's opinions addressing the Commerce Clause claim is there any suggestion that the state courts are powerless to hold provisions of the Louisiana Constitution unconstitutional, *see ANR VI*, 923 So. 2d at 98–99, and we decline to decide the issue. While appellees may wish to have this claim decided on the merits once and for all, they have failed to sufficiently raise the issue on appeal and have failed to file a cross-appeal arguing that the claim should have been dismissed on Rule 12(b)(6) grounds rather than Rule 12(b)(1) grounds. *See* FED. R. APP. P.

---

[5] Appellants have consistently framed their challenge as one to § 47:1856 and to Louisiana's continuing practice of mis-classifying certain intrastate pipelines as "other" property for tax purposes. While the remedy appellants seek may be a unique tax treatment under Louisiana law—to be classified as "other property" for tax purposes but to have FMV assessed by the LTC—this does not necessarily mean appellants challenge the constitutionality of the tax rate structure for "public service" and "other" property in the Louisiana Constitution. Rather, so long as Louisiana continues to give these intrastate pipelines unconstitutional favored tax treatment, appellants assert they are entitled to pay the same (lower) tax rate without being mis-classified for FMV-determination purposes themselves. The Louisiana courts have thus far declined to give appellants their preferred remedy.

No. 11-30101

28(b), 28.1; *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 255 (5th Cir. 2008) (stating that "[a] party waives an issue if he fails to adequately brief it" on appeal).

## IV.  CONCLUSION

At heart, appellants challenge what they perceive to be mistreatment at the hands of the state courts.  The Tax Injunction Act, however, deprives the federal courts of jurisdiction over suits that seek to interfere with the administration of state tax systems so long as the state provides an adequate procedural vehicle for raising the claims.  Appellants have raised their claims in state court, and the Louisiana courts do not cease to provide a plain, speedy, or efficient remedy for appellants' injuries simply because appellants have thus far been unsuccessful in pursuing their claims.  The district court properly granted defendants' motion to dismiss.

AFFIRMED.